IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SANDRA MARIE VIDAL                                                              PLAINTIFF

vs.                                    Civil No. 6:10-cv-06069

MICHAEL J. ASTRUE                                                               DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sandra Marie Vidal ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed applications for DIB and SSI on November 7, 2007.  (Tr. 11, 144-149).  Plaintiff alleged she was disabled due to bipolar, migraines, obsessive compulsive disorder, and back problems.  (Tr. 171).  Plaintiff alleged an onset date of March 15, 2003.  (Tr. 171).  This application was denied initially and again upon reconsideration.  (Tr. 81-97).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 98-99).

Plaintiff's administrative hearing was held on September 9, 2009, in Hot Springs, Arkansas. (Tr. 28-76). Plaintiff was present and was represented by counsel, Donald Pullen, at this hearing. *Id.* Plaintiff, and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-four (34) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a GED, along with some college credit. (Tr. 34-35).

On February 10, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through May 31, 2008. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2006, her alleged onset date. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of bipolar disorder, obsessive compulsive disorder, depression, and anxiety disorder. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all exertional levels. (Tr. 17, Finding 5). However, due to nonexertional limitations, the ALJ found the following: (1) Plaintiff should avoid even moderate

exposure to hazards, heights, firearms, driving motor vehicles, and moving machinery; (2) is limited to unskilled work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote, with few variables, and little judgment would be required; any supervision required would need to be simple, direct, and concrete; (3) needs to limit contact with co-workers and the public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.21-22, Finding 6). The ALJ determined Plaintiff's PRW included work as a customer service representative. (Tr. 22). Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a housekeeper with 8,800 such jobs in the local economy and 900,000 in the national economy; cashier for a convenience store with 31,000 such jobs in the local economy and 3,500,000 in the national economy; and a kitchen worker with 1,600 such jobs in the local economy and 400,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from March 15, 2003 through the date of his decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 14, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 23, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8,9. This case is now ready for decision.

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 12-20. Specifically, Plaintiff claims the ALJ erred (1) in evaluating her RFC, (2) by failing to find Plaintiff had a severe exertional impairment, and (3) in evaluating her subjective complaints. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ improperly evaluated Plaintiff's RFC, this Court will only address this issue Plaintiff raised.

In social security cases, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical*

*Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50). Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 50 reflects a serious limitation on a persons ability to perform basic life skills. *See Brueggemann v. Barnhart*, 348 F. 3d 689, 695 (8th Cir. 2003).

In the present action, Plaintiff was assessed with GAF scores on several occasions. On March 6, 2008, Plaintiff was given a Mental Diagnostic Evaluation by Dr. Brenda Nobles. (Tr. 321-327). Dr. Nobles assessed Plaintiff with a GAF score of 48-57. (Tr. 326). From November 2008 through December 2009, Plaintiff attended outpatient and individual therapy sessions at Community Counseling. (Tr. 367-446, 539-544, 556-587). On the initial evaluation on November 12, 2008, Plaintiff was diagnosed with bipolar disorder and assessed a GAF score of 46. (Tr. 375). Throughout her treatment at Community Counseling, Plaintiff's GAF score was never higher than 48. On October 29, 2009, Plaintiff received a second Mental Diagnostic Evaluation by Dr. Sam Boyd. (Tr. 545-551). Dr. Boyd assessed Plaintiff with a GAF score of 51-60. (Tr. 550). The ALJ

did not discuss the low GAF scores in his opinion other than state Plaintiff was assessed with these GAF scores. (Tr. 14).

It was the ALJ's responsibility to evaluate these GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. In his opinion, the ALJ was critical of Plaintiff's poor work record and noncompliance with treatment. (Tr. 21). This can be the result of a mental impairment, and, if so, is not willful or without a justifiable excuse. *Id.* At 706. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with depression and bipolar disorder. (Tr. 13).

Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF scores should be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **31st day of August, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.